**Mark Wynn OSTERLOH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-76-390.**

Court of Criminal Appeals of Oklahoma.

June 27, 1978.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Julia T. Brown, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

The appellant herein, Mark Wynn Osterloh, hereinafter referred to as defendant as he appeared in the trial court, was charged conjointly with Owen Lee Swaim on August 26, 1975, with the crime of Second Degree Murder. Defendant attempted to enter his plea of guilty to the charge of Second Degree Murder, but the State moved to dismiss that information and with permission of the court defendant herein was charged with the offense of First Degree Murder. On November 5, 1975, a charge of First Degree Murder was filed against defendant and on May 19, 1976, defendant was found guilty by a jury of the crime of First Degree Murder and his punishment was fixed at Death. Appellant's motion for new trial was overruled and thereafter this appeal was lodged in this Court.

At the conclusion of the trial the defendant's attorney did not feel substantial error had been committed in the trial and therefore the transcript of trial proceedings was not ordered. However, the facts of the trial of Owen Lee Swaim may be found at *Swaim v. State,* Okl.Cr., 569 P.2d 1009 (1977). Defendant offers two propositions in his appeal to this Court. The first proposition recites that the death penalty imposed upon appellant should be modified

because that portion of the statute under which appellant was sentenced was subsequently ruled unconstitutional by the Supreme Court of the United States. Proposition number two provides that the trial court committed reversible error in giving the jury a first degree murder instruction.

With reference to defendant's second proposition, we observe that the information filed in Tulsa County District Court Case No. CRF–75–2630, recites in part, as follows:

". . . the said defendants, OWEN LEE SWAIM and MARK WYNN OSTERLOH acting in concert did while being then and there engaged in committing or attempting to commit the crime of Armed Robbery, did kill the said DAVID PERRY LEWALLEN by means of choking and strangulating to death the said DAVID PERRY LEWALLEN with a belt."

In *Swaim v. State*, supra, this Court determined that a belt is not a dangerous weapon under the particular facts of that case, within the meaning of "armed robbery" so that, since the instrument used by the defendant in the robbery was not a dangerous weapon, he could not be guilty of First Degree Murder as there was no armed robbery within the meaning of the statute. Therefore the judgment and sentence in *Swaim v. State*, was modified from a conviction for First Degree Murder with the Death penalty to that of Second Degree Murder with an indeterminate sentence of from ten (10) years to Life.

In that decision this Court stated:

"[I]t is clear to this Court that by the specific use of 'armed' as a limiting adjective to the element of robbery under Section 701.1, ¶ 2, the Legislature did not intend to include all forms of robbery—i.e., robbery by force or fear under Section 791—within the first degree murder statute. It appears to this Court that a homicide which occurs during robbery by force or fear is within the statutory prohibition of second degree murder, 21 O.S. Supp.1973, § 701.2, ¶ 3, which is punishable by an indeterminate sentence from ten (10) years to life imprisonment."

We are therefore of the opinion that the judgment and sentence in the instant case must be modified from First Degree Murder to a conviction for Second Degree Murder and the sentence should be modified from Death to an indeterminate sentence of from ten (10) years to Life imprisonment.

It is therefore Ordered that the judgment and sentence in CRF–75–2630, be modified to a conviction for Second Degree Murder and to provide an indeterminate sentence from ten (10) years to life imprisonment. And the Tulsa County District Court is directed to enter a corrected judgment and sentence and to transmit a copy of the same to the State Department of Corrections and to the Warden at the State Penitentiary.

Hence, it will not be necessary to discuss defendant's first proposition insofar as this conviction is being modified to Second Degree Murder. Therefore for all the above and foregoing reasons the judgment and sentence herein appealed from is accordingly AFFIRMED, as MODIFIED.

BUSSEY, P. J., and CORNISH, J., concur.